Michael E. Sweeney, J.
This matter comes before the court by means of an order to show cause. The petitioners seek an order rescinding and annulling the suspension, from Central School District No. 2 of the Town of St. Johnsville, of students Sharon and Randy Fitzpatrick and Joyce Van Valkenburgh.
The Board of Education on or about September 5,1967 passed a resolution prohibiting students from leaving the school grounds during the lunch recess and resolving that the students had to have their lunches in the school cafeteria. Subsequent thereto the parents of these students requested that they be permitted to eat their lunch at home. Permission was granted, with the condition that the father or mother pick up the children at school and return them after the lunch recess. This condition was adhered to for a short time. Later the students were no longer accompanied by either parent. They were thereafter suspended.
It is the contention of the petitioners that these rules promulgated by the Board of Education are arbitrary, capricious and unreasonable, and, therefore, unconstitutional and illegal.
It is respondents’ contention that additional courses were added to the school curriculum and this necessitated changing the class schedules. Respondents maintain that because of these changes, all of the students do not eat lunch at the same time, and to permit some of them to leave the grounds, the resultant commotion and noise would interfere with those who were left in the building to study.
The Board of Education has the authority and the duty to adopt rules and regulations for the orderly and efficient operation of the school. There is a presumption that these rules and *1086 regulations are reasonable and necessary. The court should not interfere, even if it may disagree with a particular rule or regulation, unless it is obviously capricious or arbitrary.
From the record before me I cannot conclude, as a matter of law, that the rules in question are not necessary and helpful to the orderly operation of the school. It is inevitable that some of these rules and regulations affect some of the people adversely, as in this case, some students and their families.' The board, however, must consider the general over-all operation of the school. The motion is, therefore, denied.